*EXHIBIT 1*

# NATIONAL REGISTERED AGENTS, INC.
## *SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM*

To: ANDREA WENZ
FIRSTSOURCE GROUP
1661 Lyndon Farm Ct Ste 150
Louisville, KY 40223-4029

SOP Transmittal #   531261534

800-592-9023 - Telephone

Entity Served:   FIRSTSOURCE GROUP USA, INC.   (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of KENTUCKY on this 22 day of May, 2017. The following is a summary of the document(s) received:

1. **Title of Action:** BRITTANI R. KENNEY, individually, and as the representative of a class of similarly-situated persons, Pltf. vs. FIRSTSOURCE GROUP USA, INC. and FIRSTSOURCE SOLUTIONS LIMITED, Dfts.

2. **Document(s) Served:** SUMMONS & COMPLAINT
   Other: Attachment(s)

3. **Court of Jurisdiction/Case Number:** Jefferson County Circuit Court, KY
   Case # 17CI002419

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   ___ Personally served by:   ___ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U. S Marshall
   
   _X_ Delivered Via:   _X_ Certified Mail   ___ Regular Mail   ___ Facsimile
   
   ___ Other (Explain):

6. **Date of Receipt:**   05/22/2017

7. **Appearance/Answer Date:**   Within 20 days following the day this paper is delivered to you

8. **Received From:**   Peter J. Jannace
   807 West Market Street
   Louisville, KY 40202
   (646) 783-9810

9. **Carrier Airbill #** 1ZY041160190432904

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  UPS Next Day Air

Image SOP

Email Notification,  JAMES DUKE   JAMES.DUKE@NA.FIRSTSOURCE.COM

Email Notification,  Dana Latona  Dana.Latona@na.firstsource.com

Email Notification,  Derek Kung  derek.kung@medassistsolutions.com

Email Notification,  ANDREA WENZ  ANDREA.WENZ@NA.FIRSTSOURCE.COM

**NATIONAL REGISTERED AGENTS, INC.**                                   **CopiesTo:**

Transmitted by   Amy McLaren
The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL



**CERTIFIED MAIL**

7016 3010 0001 0175 1687

NATIONAL REGISTERED AGENTS, INC.
306 WEST MAIN STREET
SUITE 512
FRANKFORT, KY 40601



ZIP 40202
02 4W
0000339432 MAY. 17. 2017

U.S. POSTAGE >> PITNEY BOWES

$ 007.71°

| AOC-E-105 Sum Code: CI | | Case #: 17-CI-002419 |
|---|---|---|
| Rev. 9-14 |  | Court: CIRCUIT |
| Commonwealth of Kentucky | | County: JEFFERSON Circuit |
| Court of Justice , Courts.ky.gov | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **KENNEY, BRITTANI R. VS. FIRSTSOURCE GROUP USA, INC., ET AL,** *Defendant*

**TO:** NATIONAL REGISTERED AGENTS, INC.
306 WEST MAIN STREET
SUITE 512
FRANKFORT, KY 40601

Memo: Related party is FIRSTSOURCE GROUP USA, INC.

The Commonwealth of Kentucky to Defendant:
**FIRSTSOURCE GROUP USA, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **05/17/2017**

Presiding Judge: HON. OLU A. STEVENS (630305)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

Served By _____

Title _____

---

Summons ID: 5339963845418@00000823901
CIRCUIT: 17-CI-002419 Certified Mail
KENNEY, BRITTANI R. VS. FIRSTSOURCE GROUP USA, INC., ET AL



Page 1 of 1

**eFiled**

NO. _____          JEFFERSON CIRCUIT COURT
                                                            DIVISION: _____
                                                            JUDGE: _____

(*ELECTRONICALLY FILED*)

BRITTANI R. KENNEY, individually,                             **PLAINTIFF**
and as the representative of a class
of similarly-situated persons,
10022 Merioneth Drive
Louisville, Kentucky 40299

VS.                          **VERIFIED COMPLAINT**

FIRSTSOURCE GROUP USA, INC.,
1661 Lyndon Farm Court
Louisville, Kentucky 40223

         **SERVE:**          NATIONAL REGISTERED AGENTS, INC.
                                306 West Main Street
                                Suite 512
                                Frankfort, Kentucky 40601
                                **Registered Agent**

FIRSTSOURCE SOLUTIONS LIMITED,
New Link Road, Malad West
Paradigm 'B' Wing, 5th Floor, Mindspace
Mumbai - 400 064
Republic of India

         **SERVE:**          OFFICE OF THE SECRETARY OF STATE
                                Summons Branch
                                700 Capital Ave., Suite 86
                                Frankfort, Kentucky 40601          **DEFENDANTS**

* * * * * * * * * * * *

       **AND NOW COMES** the Plaintiff, BRITTANI R. KENNEY, individually, and as

the representative of a class of similarly-situated persons (hereinafter Ms. "Kenney"), by

and through her attorneys, Teddy B. Gordon and Peter J. Jannace, that as and for her

Class Action and Representative Action VERIFIED COMPLAINT pursuant to Title

Twenty-Nine of the United States Code, Section 201, *et seq.*, Kentucky Revised Statutes

(hereinafter "KRS") TITLE XXVII – LABOR AND HUMAN RIGHTS, Chapter 337 and Kentucky Rules of Civil Procedure Rule 23 hereby respectfully alleges, upon information and belief, as follows:

## I.  THE PARTIES

1.  That the Plaintiff, Ms. Kenney, resides at 10022 Merioneth Drive Louisville, Kentucky 40299, County of Jefferson;

2.  That at all times relevant hereto, the Defendant, FIRSTSOURCE GROUP USA, INC. (hereinafter "Firstsource"), was and is a Delaware corporation, with its principal place of business located at 1661 Lyndon Farm Court, Louisville, Kentucky 40223, organized and existing under the laws of the State of Delaware with the power to sue and be sued and it is subject to the venue and jurisdiction of this court;

3.  That Firstsource's agent for service of process listed on the official website for the Secretary of State of the Commonwealth of Kentucky is: National Registered Agents, Inc. 306 West Main Street Suite 512 Frankfort, Kentucky 40601;

4.  That at all times relevant hereto, Defendant Firstsource, *inter alia*, operated a call center providing billing customer support for Verizon cellular phone subscribers nationwide;

5.  That upon information and belief, Firstsource's annual gross sales exceeded five-hundred thousand dollars ($500,000.00);

6.  That Ms. Kenney was employed with Firstsource in the position of Team Leader from 2014 to 2016;

-2-

7. That Ms. Kenney was therefore both engaged in commerce and employed with an enterprise engaged in commerce for the purposes of 29 U.S.C. §§ 203(a)-(b), (d)-(e), (g), (s)(1), 206(a) and 207(a)(1) through her employment with Firstsource;

8. That Ms. Kenney was further an Employee of Firstsource, her Employer for the purposes of Sections 010, 275 and 285 of KRS Chapter 337;

9. That the Defendant FIRSTSOURCE SOLUTIONS LIMITED (hereinafter "Firstsource Ltd.") was and is an Indian corporation headquartered in Mumbai, Maharashtra, India with its principal place of business located at New Link Road, Malad West, Paradigm 'B' Wing, 5th Floor, Mindspace, Mumbai - 400 064, Republic of India, organized and existing under the laws of the sovereign Republic of India, with the power to sue and be sued and it is subject to the venue and jurisdiction of this court;

10. That Firstsource Ltd. is not listed on the official website for the Secretary of State of the Commonwealth of Kentucky and therefore Firstsource Ltd.'s appointed agent for service of process pursuant to the "long arm" statute of the Commonwealth of Kentucky, KRS 454.210(3)(a), is the Office of the Secretary of State, Summons Branch, 700 Capital Ave., Suite 86, Frankfort, Kentucky 40601;

11. That Firstsource is a wholly owned and direct subsidiary of Firstsource Ltd.;

12. That upon information and belief, Firstsource is a mere alter ego or instrumentality of Firstsource Ltd.;

13. That upon information and belief, Firstsource Ltd. controls and otherwise directs the policies and decisions of Firstsource;

14. That upon information and belief, Firstsource is seriously undercapitalized;

-3-

15. That upon information and belief, Firstsource Ltd. considers Firstsource's project(s) to be its own;

16. That upon information and belief, Firstsource has ceased its physical operations in the Commonwealth and elsewhere, and no longer has a physical location or any distinct employees;

17. That upon information and belief, Firstsource does not have a single employee who is not an employee of Firstsource, Ltd.; and

18. That upon information and belief, Firstsource Ltd. exerts so much control over Firstsource that the two do not exist as separate entities but are one and the same for the purposes of the instant matter;

## II.   CLASS AND COLLECTIVE ALLEGATIONS

19. That the legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Eighteen (18) are repeated and re-alleged as if fully set forth herein;

20. That Ms. Kenney brings this suit against Defendant Firstsource as a class action, prosecuted by the named representative individually, and on behalf of a class of similarly situated persons, *to wit*, those individuals who were employed by Defendant Firstsource, were classified as salary exempt, worked in excess of forty hours in a workweek yet were not compensated for those hours and whose remuneration was deducted for either: partial day absences or full day absences totaling less than one workweek due to sickness or disability pursuant to Kentucky Rules of Civil Procedure, Rule (hereinafter "CR") 23.01 and CR 23.02(c). Subject to additional information obtained through further investigation

and/or discovery, the foregoing definition of the CR 23 Class may be expanded or narrowed. The proposed CR 23 Class is as follows:

> **CR 23 Class:** All persons who, like BRITTANI R. KENNEY, were: **(1)** employed by the Defendant, FIRSTSOURCE GROUP USA, INC.; **(2)** classified as salary exempt; **(3)** worked in excess of forty hours in a workweek yet were not compensated for those hours; and **(4)** whose remuneration was deducted for either: **(i)** partial day absences; or **(ii)** full day absences totaling less than one work week due to sickness or disability;

21.    That excluded from the CR 23 Class are: (1) Defendants, Defendants' subsidiaries and any entity which Defendants have a controlling interest in; and (2) the Judge assigned to this case and any member of his or her immediate family. Plaintiff expressly reserves the right to modify the CR 23 Class definition as further investigation and/or discovery so warrants;

22.    That this action has been brought and may properly be maintained as a class action pursuant to CR 23 and the case law thereunder;

23.    **Numerosity:** That the members of the CR 23 Class are so numerous that joinder of all members is impracticable. Due to the standardized nature of Firstsource's unlawful practices, Plaintiff reasonably believes that the CR 23 Class is comprised of numerous individuals throughout the Commonwealth of Kentucky;

24.    **Commonality:** That common questions of law and fact exist as against the Defendant Firstsource in this action. These common questions predominate over any questions affecting only individual CR 23 Class members. These common legal and factual questions include, but are not limited to, the following:

- whether or not the deductions from pay made by Firstsource for partial day or full day absences occasioned by sickness or disability were made pursuant to its own standardized practice or procedure;
- whether or not the deductions from pay made by Firstsource were made in accordance with a bona fide plan, policy or practice of providing

compensation for loss of salary occasioned by such sickness or disability in accordance with 29 C.F.R. § 541.602(b)(2);

- whether or not the unlawful deductions made by Defendant Firstsource were willful within the meaning of 29 U.S.C. § 255(a);
- whether or not the CR 23 Class members have sustained monetary loss, and the proper measure of that loss;
- whether or not the CR 23 Class members are entitled to punitive and/or exemplary damages; and
- whether or not the CR 23 Class members are entitled to declaratory and injunctive relief.

These and other questions of law and/or fact are common to members of the CR 23 Class and predominate over any questions affecting only individual members of it;

25. **Typicality:** That Ms. Kenney's claims against Defendant Firstsource are typical of the claims of the similarly situated members of the CR 23 Class, as Ms. Kenney asserts claims against Firstsource flowing from its standard policy and procedure. Conversely, Defendant Firstsource, by and through one or more agent(s) thereof, engaged in a unitary course of conduct that forms the basis of this lawsuit. Ms. Kenney is advancing the same claims and legal theories on behalf of herself and all absent members of the CR 23 Class;

26. **Adequacy:** That Ms. Kenney's claims are made in a representative capacity on behalf of the other members of the CR 23 Class. The Ms. Kenney has no interests antagonistic to the interests of the other members of the CR 23 Class and is subject to no unique defenses;

27. That Ms. Kenney is similarly situated in interest to all members of the proposed CR 23 Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Ms. Kenney is an adequate representative of the CR 23 Class and will fairly and adequately protect the interests of the members of the CR 23 Class;

28. That this suit may be maintained as a class action under CR 23.02(c) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant Firstsource's conduct. It would be very difficult for members of the CR 23 Class individually to redress the wrongs perpetrated upon them. Even if the members of the CR 23 Class could afford such litigation, the court system cannot. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents no management difficulties, and provides the benefits of single adjudication, economy of scale and comprehensive supervision by a single court;

29. That Ms. Kenney also brings an opt-in representative action against Defendant Firstsource pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other similarly situated current (if any exist) and former salary exempt employees of Defendant Firstsource for unpaid wages, overtime wages, liquidated damages, costs, attorneys' fees and declaratory and injunctive relief;

30. That Ms. Kenney and the other members of the opt-in representative action all have similar pay provisions, and are all victims of a single decision, policy, practice or plan perpetrated by Firstsource; and

31. That Ms. Kenney and the other members of the opt-in representative action are thus similarly situated within the meaning of 29 U.S.C. § 216(b);

-7-

### III. CAUSE(S) OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §§ 201 *et seq.*
(29 U.S.C. § 216(b) opt-in representative action)

32. That the legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Thirty-One (31) are repeated and re-alleged as if fully set forth herein;

33. That Ms. Kenney routinely worked in excess of forty hours in a given workweek while employed with Defendant Firstsource in the position of Team Lead;

34. That as a limited exemplar of the hours in excess of forty that Ms. Kenney routinely worked in a given workweek, she worked (approximately): **(1)** more than nine (9) hours on December 9, 2014; **(2)** almost ten (10) hours on December 10, 2014; **(3)** more than nine (9) hours on December 15, 2014; **(4)** almost eleven (11) hours on December 16, 2014; **(5)** almost nine (9) hours on December 24, 2014; **(6)** more than ten (10) hours on January 10, 2015; and **(7)** more than nine (9) hours on February 8, 2015;

35. That Ms. Kenney's work schedule would not be reduced on other days to compensate for working in excess of eight (8) hours on a given work day, and she worked at least five (5) days a week;

36. That the foregoing exemplar was typical of the hours that Ms. Kenney would work while employed at Firstsource in the position of Team Lead;

37. That moreover, Defendant Firstsource is duty bound under the law to make, keep and preserve records of its employees' wages, hours and other conditions and practices of employment under 29 U.S.C. § 211(c) and 29 C.F.R. Part 516;

38. That Defendant Firstsource is therefore required to keep records of the hours that

-8-

Ms. Kenney and its other employees worked in excess of forty in a given workweek regardless of their misclassification as salary exempt;

39. That Ms. Kenney did not receive either minimum wage or overtime (one and one-half times) compensation for the hours that she worked in excess of forty during her entire nearly two-year tenure at Firstsource;

40. That all of the hours worked by Ms. Kenney in the position of Team Lead were expended primarily for the benefit of Firstsource or its business;

41. That the Defendant Firstsource knew or should have known that that work was being performed;

42. That Firstsource was required to pay Ms. Kenney and its other misclassified salary exempt employees a predetermined amount that was not subject to reduction because of variations in the quality or quantity of the work performed in accordance with 29 C.F.R. § 541.602(a);

43. That on or about May 10, 2015 to May 13, 2015, Ms. Kenney was absent from work for sickness;

44. That Ms. Kenney was not compensated for those full-day absences;

45. That Defendant Firstsource's deductions were routine, as Ms. Kenney was absent from work for sickness for other full-days other than that date range, yet was not compensated for those days;

46. That the aforesaid deductions were systemic, and were not made in accordance with a plan that had defined sick leave benefits that was communicated to eligible employees, including Ms. Kenney, and that operated as described therein;

47. That any semblance of a sick leave plan was routinely changed during Ms.

-9-

Kenney's tenure at Firstsource without a corresponding written copy of the changes, or any consistent communication thereof, for that matter;

48. That Defendant Firstsource's deductions were therefore not made in accordance with a bona fide plan, policy or practice of providing compensation or loss of salary occasioned by sickness or disability in accordance with 29 C.F.R. § 541.602(b)(2);

49. That Ms. Kenney questioned that specific practice with Firstsource management, and was informed by said agent of Firstsource that it was "cleaning house";

50. That Defendant Firstsource's payment scheme was therefore willful within the meaning of 29 U.S.C. § 255(a);

51. That despite its knowledge that time spent by Ms. Kenney and class members, as described above, was compensable time under Federal law, Defendant Firstsource has refused to fully compensate its misclassified salary exempt employees for any of this time;

52. That Defendant Firstsource has failed to pay Plaintiff her minimum hourly rate of pay for all hours of work she performed in addition to overtime as required by Federal law. The uncompensated time includes, but is not limited to, time spent engaged in the customary responsibilities attendant to her position of Team Lead. These unpaid work activities took place before and after paid time;

53. That pursuant to 29 U.S.C. § 207, Defendant Firstsource was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week;

54. That pursuant to 29 U.S.C. § 216(b), Defendant Firstsource, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the

-10-

employees not only for unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Ms. Kenney asserts that the Defendant Firstsource's refusal to pay for time worked was willful;

55.     That pursuant to 29 U.S.C. § 216(b), Ms. Kenney is entitled to reimbursement of the costs and attorneys' fees expended in the prosecution of this action;

56.     That the acts and/or omissions of Defendant Firstsource and/or its agents thereof complained of herein were wanton and/or willful, that they were conducted in such a reckless manner and with such patent disregard for the rights of Ms. Kenney and the members of the opt-out representative class, whereby Defendant Firstsource is liable to them for punitive and/or exemplary damages, as permitted by law; and, further, that Ms. Kenney and the members of the opt-out representative class seek an amount in punitive and/or exemplary damages that is fair and reasonable as shown by the evidence; and

57.     That pursuant to CR 8.01, the amount in controversy exceeds the minimum threshold of the Jefferson County Circuit Court;

### AS AND FOR A SECOND CAUSE OF ACTION
### KENTUCKY WAGES AND HOURS ACT OF 1974, KRS 337.275 *et seq.*
(CR 23 opt-out class action)

58.     That the legal and factual allegations contained in Verified Complaint Paragraph(s) One (1) through Fifty-Seven (57) are repeated and re-alleged as if fully set forth herein;

59.     That despite its knowledge that time spent by Ms. Kenney and class members, as described above, was compensable time under the laws of the Commonwealth of Kentucky, Defendant Firstsource has refused to fully compensate its misclassified salary

-11-

exempt employees for any of this time;

60. That Defendant Firstsource has failed to pay Plaintiff her minimum hourly rate of pay for all hours of work she performed in addition to overtime as required by the laws of the Commonwealth of Kentucky. The uncompensated time includes, but is not limited to, time spent engaged in the customary responsibilities attendant to her position of Team Lead. These unpaid work activities took place before and after paid time;

61. That pursuant to KRS 337.285, Defendant Firstsource was and is obligated to pay employees at a rate equal to one and one-half times their normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week;

62. That pursuant to KRS 337.385, Defendant Firstsource, because it failed to pay employees the required amount of overtime at the statutory rate, must reimburse the employees not only for unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages. Ms. Kenney asserts that the Defendant Firstsource's refusal to pay for time worked was willful;

63. That pursuant to KRS 337.385, Ms. Kenney is entitled to reimbursement of the costs and attorneys' fees expended in the prosecution of this action;

64. That pursuant to CR 8.01, the amount in controversy exceeds the minimum threshold of the Jefferson County Circuit Court;

### IV.    PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, BRITTANI R. KENNEY, individually, and as the representative of a class of similarly-situated persons respectfully prays this Court to grant her an Order and Judgment, pursuant to The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*, The Kentucky Wages and Hours Act of 1974, KRS 337.275 *et seq.*

-12-

and Kentucky Rules of Civil Procedure, Rule 23: **(A)** certifying this case as a class and/or representative action, appointing Plaintiff BRITTANI R. KENNEY as class representative and appointing Plaintiff's counsel to represent the classes; **(B)** holding that Defendants FIRSTSOURCE GROUP USA, INC. and FIRSTSOURCE SOLUTIONS LIMITED have misclassified Plaintiff and the class members as salary exempt in violation of The Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* and The Kentucky Wages and Hours Act of 1974, KRS 337.275 *et seq.*; **(C)** awarding Plaintiff and class members appropriate relief, including actual damages, liquidated damages, punitive and/or exemplary damages and statutory damages as permitted by law; **(D)** awarding equitable, injunctive and declaratory relief as appropriate; **(E)** awarding all costs, including experts' fees and attorneys' fees, and the costs of prosecuting this action; **(F)** awarding pre-judgment and post-judgment interest as permitted by law; **(G)** conducting trial by jury herein; **(H)** bestowing leave upon Plaintiff to amend her VERIFIED COMPLAINT; and **(I)** for such other and further relief as may be just, proper, and equitable.

Dated: May 16, 2017
      Louisville, Kentucky

Respectfully submitted,

/s/ *Peter J. Jannace*
PETER J. JANNACE
*Attorney for Plaintiff*
807 West Market Street
Louisville, KY 40202
PH: (646) 783-9810
FX: (502) 585-3539
peter.jannace@gmail.com

/s/ *Teddy B. Gordon by permission*
TEDDY B. GORDON
*Attorney for Plaintiff*
807 West Market Street
Louisville, KY 40202
PH: (502) 585-3534
FX: (502) 585-3539
tbearaty@aol.com

### CONSENT TO BECOME NAMED PARTY PLAINTIFF
FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. § 216(b)

I hereby consent to be the named party plaintiff seeking unpaid wages and liquidated damages (hereinafter, collectively, "damages") against Firstsource Group USA, Inc. (hereinafter the "Defendant"), and all entities and/or individuals that may be jointly liable with Defendant for my claimed damages. By commencing this lawsuit, this consent is intended to be filed to recover my damages against Defendant, and all other individuals and/or entities who are or may be jointly liable along with Defendant, whether in the above-captioned action or in any subsequent action that may be filed on my behalf for such recovery, and this consent may be used in this case or in any subsequent case as necessary. For purposes of pursuing my damages claims against Defendant, I choose to be represented by Teddy B. Gordon, Peter J. Jannace and any other attorneys with whom they may associate.

By opting in to this suit, I consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c).

Signature: _Brittani K_____  Date: 5-13-17

Printed Name: Brittani Kenney

## PLAINTIFF'S VERIFICATION

COMMONWEALTH OF KENTUCKY )
) ss.
COUNTY OF JEFFERSON )

I, BRITTANI R. KENNEY, am the Plaintiff in the above entitled action. I have read the foregoing VERIFIED COMPLAINT and know the contents thereof. The contents are true to my own knowledge except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
BRITTANI R. KENNEY

Sworn to before me this
13th day of May, 2017.

_____
NOTARY PUBLIC
STATE AT LARGE

My commission expires on the 6th day of October, 2020.